# Fetterolf *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroads—Grade crossing—"Stop, look and listen"—*
*Proper place to stop—Negative and positive testimony as to signals.*

1. In an action against a railroad to recover damages for personal injuries the case is for the jury where plaintiffs' testimony tends to show that they were riding in a huckster wagon, drawn by two horses, and approached a grade crossing on defendant's railroad where there were two tracks, that the track nearest them was a siding on which two trains were standing that obscured the view; that when the plaintiffs were about 400 feet from the crossing they looked and listened for a train and continued to look and listen as they advanced, that they stopped their team at the edge of the siding with the horses' heads over the first rail, from which point they could see 270 feet in the direction from which the train that struck them came, and leaned forward and looked and listened for a train; and that, as they drove on, their wagon was struck about the middle by an engine running fifty miles an hour, of the approach of which no signal of any kind was given.

2. In such a case, the question of defendant's negligence requires submission to the jury where the testimony in relation to the failure to give any signal of the approach of the train, while flatly contradicted by a number of defendant's witnesses, is not negative merely, by persons who had no occasion to observe, but of a positive character by witnesses who were listening.

Argued April 13, 1911.   Appeal, No. 51, Jan. T., 1911, by defendant, from judgment of C. P. Columbia Co., Sept. T., 1909, No. 175, on verdict for plaintiffs in case of Daniel B. Fetterolf and Esther B. Fetterolf, his wife, v. Pennsylvania Railroad Company.   Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries.   Before EVANS, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict for Daniel B. Fetterolf for $1,000 and for his wife for $3,000, and judgment thereon.   Defendant appealed.

474 FETTEROLF *v.* PENNA. R. R. CO., Appellant.

*Errors assigned* among others were in refusing binding instructions for defendant and refusal of judgment n. o. v.

*H. M. Hinckley,* with him *L. E. Waller,* for appellant.

*Clinton Herring* and *Fred Ikeler,* with them *Grant Herring,* for appellees.

PER CURIAM, July 6, 1911:

The assignments of error all relate to the refusal of the court to direct a verdict for the defendant or to enter judgment for it non obstante veredicto. The facts developed by the plaintiffs' testimony as far as they are essential in considering the questions raised are as follows: The plaintiffs were riding in a huckster wagon, drawn by two horses and approached from the north a grade crossing where there were two tracks. The track nearer them was a long siding on which were two trains awaiting the passing of a special passenger train that was coming from the east. One of the standing trains was a long freight train composed of high box and coke cars, the other was a passenger train, the last car of which was forty feet east of the crossing. These cars shut off, from a person north of the crossing and within 400 feet of it, any view of a west bound train on the main track, except a few inches of the top of the smokestack of the engine, from a point forty feet east of the crossing to a point 1,900 feet east. When the plaintiffs were about 400 feet from the crossing, they looked and listened for a train and they continued to look and listen as they advanced. They stopped their team at the edge of the siding with their horses' heads over the first rail, from which point they could see 270 feet east, and leaned forward over the dashboard of their wagon and looked and listened for a train. As they drove on, their wagon was struck about the middle by an engine running fifty miles an hour, of the approach of which no signal of any kind was given. From the space between the siding and the main track, about seven feet in width, there was an unobstructed view east for 1,900 feet.

The testimony in relation to the failure to give any signal of the approach of the train, while flatly contradicted by a number of the defendant's witnesses, was not negative merely, by persons who had no occasion to observe, but of a positive character by witnesses who were listening, and clearly required the submission of the question of the defendant's negligence to the jury. Whether there was a failure of duty by the driver was also for the jury. He did not act heedlessly but with care in approaching the crossing and he stopped as close to the track as was possible without placing himself in danger. While his view of the main track was limited there was nothing to interfere with his hearing an approaching train. Whether under the circumstances, he should have done more was not a question for the court: Barthelmas v. Railroad Co., 225 Pa. 597.

The judgment is affirmed.